## LEVY v. BOARD OF TRADE OF SAN FRANCISCO et al.

Circuit Court of Appeals, Ninth Circuit.
June 4, 1928.

No. 5401.

1. Pleading ⬁34(3)—Striking part of suit of trustee in bankruptcy regarding policies delivered for creditors held error, resolving doubts in pleader's favor.

In suit by trustee in bankruptcy against Board of Trade, representing group of bankrupt's creditors and others, dismissal of branch of case relating to fire insurance policies and proceeds of fire insurance policies delivered to board before fire *held* error, regardless of view that may ultimately be taken on underlying question whether creditors represented by Board of Trade have right superior to that of trustee to proceeds of policies, since court should exercise power to strike out redundant matter sparingly, where matter is otherwise harmless, and doubts should be resolved in favor of pleader.

2. Bankruptcy ⬁302(1)—All fire insurance policies delivered to defendant representing certain creditors were properly embraced in complaint of trustee in bankruptcy, it being one transaction.

In suit by trustee in bankruptcy against board, representing certain group of bankrupt's creditors, to whom bankrupt had delivered fire insurance policies both before and after fire, trustee was warranted in embracing all such policies in complaint, where they were interrelated as parts of one general transaction, to end that there might be full disclosure to court of facts affecting his rights.

3. Bankruptcy ⬁279—Trustee in bankruptcy held entitled to accounting regarding proceeds of fire insurance policies delivered to defendant, representing certain creditors.

Proceeds of fire insurance policies, which insured bankrupt had delivered to board representing certain group of creditors, were subject at most only to equitable lien or pledge lien for satisfaction of amount of their valid claims against bankrupt, and trustee in bankruptcy was entitled to an accounting and payment to him of any residue remaining after liens were satisfied.

4. Bankruptcy ⬁303(1)—Appointee or pledgee to whom bankrupt delivered fire insurance policies, not paying proceeds to trustee, must show it held them for others having superior right.

Trustee in bankruptcy was prima facie entitled to receive whole proceeds of fire insurance policies bankrupt had delivered to board, representing certain group of creditors, and it was duty of such board, as an appointee or pledgee, either to pay over moneys to trustee, or to show that it had paid them to or held them for others having superior right, since board's possession was essentially that of trustee under duty to account to all beneficiaries, one of whom was trustee in bankruptcy, as successor in interest to insured.

Appeal from the District Court of the United States for the Northern Division of the Southern District of California; William P. James, Judge.

Suit by Louis C. Levy as trustee in bankruptcy of Kamikawa Brothers, Incorporated, against the Board of Trade of San Francisco and others. From the decree plaintiff appeals. Reversed with directions.

Iener W. Nielsen and Fernand de Journel, both of Fresno, Cal., for appellant.

Miller & Thornton, H. B. M. Miller, and H. A. Thornton, all of San Francisco, Cal., for appellees Insurance Companies.

Wm. J. Hayes, Grant H. Wren, and Frank M. Hultman, all of San Francisco, Cal., for appellees Board of Trade and Brainard.

Before RUDKIN, DIETRICH, and HUNT, Circuit Judges.

DIETRICH, Circuit Judge. Plaintiff and appellant is the trustee in bankruptcy of the estate of Kamikawa Bros., a corporation, which prior to its adjudication as a bankrupt, ran a retail store at Fresno, California. At all times herein mentioned it was insolvent and owed, among others, a group of creditors represented by defendant, Board of Trade of San Francisco. Upon June 9, 1925, and subsequent dates, this defendant, acting upon behalf of these creditors, persuaded it to take out fire insurance policies covering its entire stock in trade and fixtures, with loss-payable clause in favor of the Board of Trade. The premiums were paid by the Kamikawa Bros., and the Board of Trade had knowledge of its insolvency. All of the policies were executed and some were delivered to the Board of Trade prior to the four months' period next preceding bankruptcy, and others were assigned and delivered within that period and after the loss by fire occurred. In inserting the loss-payable clause and delivering the policies to the Board of

Trade the intention was that they should constitute security for the claims of this group of creditors. The insured property was destroyed by fire on March 4, 1926, and petition for adjudication in bankruptcy was filed June 28, 1926.

Such is the showing made by the complaint, and there are further allegations in great detail exhibiting the other requisite conditions of a preference, charging that the transfers of the policies were without consideration and were made secretly and collusively to the prejudice and in fraud of other creditors, and setting forth that the plaintiff has been unable to procure from the Board of Trade, or from its manager, Brainard, or the insurance companies, who are joined as co-defendants, any information touching the status of the policies, or the proceeds thereof; and in that respect charging that as plaintiff has been informed, a compromise settlement has been made, without his consent, by which smaller ratable payments have been accepted in settlement of the policies assigned and delivered to the Board of Trade after the loss than on those delivered prior to the four months' period. Together with other relief plaintiff prays for a discovery of what has been done in settlement under all the policies, for an accounting, and for the payment to him of the moneys justly due under, or received by the Board of Trade as the proceeds of, the policies.

[1] To the complaint defendants interposed a motion for its dismissal as a whole, because of "insufficiency of facts to constitute a valid cause of action in equity," and further for a dismissal of a certain paragraph and isolated clauses, upon the sole ground, apparently, that the matters so assailed, all of which related exclusively to the policies assigned after the loss, were cognizable at law, but not in equity. Though no part of the motion was directed exclusively or specifically to that part of the complaint pertaining to the policies or the proceeds of the policies delivered prior to the fire, the court held that as to them no cause of action was stated and dismissed that branch of the case. This, we think, was error, regardless of the view that may ultimately be taken upon the underlying question whether the creditors represented by the Board of Trade have a right, superior to that of the trustee, to the proceeds of these policies to the extent of their just claims. In its general aspect that is a debatable question of far-reaching importance, and in a given case can be more safely answered in the light of the specific facts, which may not always be fully pleaded in circumstantial detail. While the rules authorize the striking out of redundant matter, the power so to do ought to be sparingly exercised where the matter is otherwise harmless, doubts being resolved in favor of the pleader to the end that the case may be fully presented in a single trial and a multiplicity of appeals avoided.

[2] In the second place all of the policies here are so inter-related as parts of one general transaction, the details of which were withheld from the plaintiff's knowledge, that he was warranted in embracing all in his complaint to the end that there might be a full disclosure to the court of the facts affecting his rights.

[3, 4] But entirely aside from these considerations, in all the policies Kamikawa Bros. was named as the insured, its property interest alone was insured, and it paid the premiums. Primarily it, and the plaintiff trustee as its successor, was the beneficiary. At most, therefore, the Board of Trade was an appointee for the collection in case of loss, or pledgee, and such right, if any, as it or its group of creditors may have, superior to that of the plaintiff, is in the nature of an equitable lien or pledge lien for the satisfaction of the amount of their valid claims against the bankrupt. In other words, even under defendant's theory, the proceeds of the policies belong to the plaintiff, subject only to such lien or liens, and hence, plaintiff is at least entitled to an accounting and the payment to him of any residue remaining after the liens are satisfied. True, he does not allege an excess of proceeds over the amount of the claims. But that burden is not upon him. Prima facie he is entitled to receive the whole proceeds, and it is the duty of the Board of Trade as an appointee or pledgee, either to pay over the moneys or to show that it has paid them to or holds them for others having a superior right. Its possession is essentially that of a trustee, under duty to account to all beneficiaries, one of whom admittedly is the plaintiff, as the successor in interest to the insured.

Reversed with directions to take further proceedings not inconsistent herewith.